J-S59008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMARIO RAKEEM MARTIN, | |
| Appellant | No. 1616 WDA 2014 |

Appeal from the Judgment of Sentence September 3, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003382-2013

BEFORE:  BOWES, DONOHUE, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 09, 2015**

Jamario Rakeem Martin appeals from the judgment of sentence of five to ten years incarceration to be followed by two years probation after a jury found him guilty of carrying a firearm without a license, person not to possess a firearm, resisting arrest, flight to avoid apprehension, and disorderly conduct.  Counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We deny counsel's petition to withdraw and direct her to file either a compliant **Anders** brief or a merits brief, addressing the issue of the lawfulness of Appellant's arrest.

The trial court recounted the pertinent facts as follows.

* Former Justice specially assigned to the Superior Court.

On August 26, 2013, at approximately 11:15 p.m., officers of the Erie Police Department were looking for a wanted person, Ronnie Washington, in the high-crime area of 330 East 3rd Street, City of Erie, Pennsylvania. Officers had a description of Washington as a black male, wearing a white t-shirt and grey sweatpants.

While officers were standing on the sidewalk at 326 East 3rd, they observed an individual wearing a white t-shirt in front of 340 East 3rd. After the individual saw the police, he ran behind the house. The officers followed and observed three individuals, including [Appellant] in the well-lighted backyard. [Appellant], who wore a red t-shirt and tan pants, began reaching into his waistband several times. Based upon [Appellant's] evasive behavior and high crime area, along with fearing for their safety, police instructed him to stop and show his hands. [Appellant], appearing "panicky", refused to comply, positioned himself behind the other two compliant individuals, and continued to reach into his waistband. Police continued to instruct him to show his hands. [Appellant] then fled, discarded an item from his pants (later identified as a firearm), and continued to run until he was apprehended and placed into custody. [Appellant] struggled with police during his arrest. Police recovered the firearm in front of 334 East 3rd Street.

After his arrest, police became aware that [Appellant] had a prior firearms conviction and did not have a valid license to carry a firearm.

Trial Court Opinion, 4/30/14, at 1-2.[1]

Appellant filed an omnibus pre-trial motion, which included both a writ of *habeas corpus* and a suppression motion. Appellant contested both the Commonwealth's *prima facie* evidence and whether he was lawfully stopped

_____

[1] The opinion referenced pertains to the trial court's pre-trial decision regarding Appellant's omnibus pre-trial motion that included a suppression motion as well as a *habeas corpus* motion alleging insufficient *prima facie* evidence to support the charges.

and arrested. With respect to the latter contention, Appellant averred that he was illegally arrested when police approached him in the backyard and, drawing their weapons, directed him to put his hands in the air. He submitted that police lacked probable cause to detain him and that his subsequent discarding of his weapon while fleeing from police should have been suppressed.

The trial court ruled that the initial encounter with Appellant was a mere encounter. It continued that once Appellant acted suspiciously in a high-crime area at night by reaching into his waistband, police had reasonable suspicion to conduct an investigatory detention. Once Appellant fled and threw his weapon away, police had probable cause to arrest Appellant. The court also held that the Commonwealth's evidence was sufficient to establish a *prima facie* case of the charges alleged.

Appellant proceeded to a jury trial. The jury found Appellant guilty of the aforementioned offenses. Appellant had prior adult convictions and juvenile adjudications that precluded him from possessing a firearm. The court sentenced Appellant on September 3, 2014, to five to ten years imprisonment for the person not to possess a firearm offense and a consecutive period of two years probation for the resisting arrest count.[2]

_____

[2] Appellant was sentenced by a different jurist than the one who presided over his jury trial.

The court imposed no further sentence for the remaining charges. This timely appeal ensued. The sentencing court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Counsel complied, and the sentencing court indicated that the pre-trial opinion authored by the trial judge adequately addressed Appellant's issues. Similarly, the trial judge issued a Rule 1925(a) order setting forth that the reasons for the denial of Appellant's suppression and *habeas* claims could be found in its April 30, 2014 opinion.

Appellant's counsel has now filed a petition to withdraw and an accompanying ***Anders*** brief.[3] In her brief, counsel contends that there are no non-frivolous issues to be reviewed and sets forth an issue that arguably could support the appeal as "whether the Appellant's conviction, based on his arrest and subsequently discovered evidence was in error due to the fact that the police lacked probable cause to arrest the Appellant and the Commonwealth ultimately failed to establish a *prima facie* case." ***Anders*** brief at 3.

Since we do not consider the merits of an issue raised in an ***Anders*** brief without first reviewing a request to withdraw, we first consider counsel's petition to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d

_____

[3] Appellant is represented by a different member of the Erie County Public Defender's Office than the individual from that office who represented him at trial.

1030 (Pa.Super. 2013) (*en banc*). In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the ***Anders*** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. ***Id***.

Counsel's petition to withdraw provides that she made a conscientious review of the record and concluded that there are no non-frivolous issues. Counsel informed Appellant that she was withdrawing and furnished him with copies of both the petition to withdraw and ***Anders*** brief. Further, counsel instructed Appellant that he has the right to retain new counsel or can proceed *pro se* and raise any issues he believes this Court should consider. Accordingly, counsel has complied with the procedural aspects of ***Anders***.

Counsel having met the procedural dictates of ***Anders***, we now examine whether counsel's ***Anders*** brief meets the substantive elements of ***Santiago***. Pursuant to ***Santiago***, an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Counsel has included a summary of the history of the case, including the relevant factual background. She has cited to the record and forwards issues that were preserved below relative to Appellant's suppression motion and *habeas corpus* petition. Counsel concludes that Appellant's appeal is frivolous and sets forth case law that holds that issues concerning whether a *prima facie* case was established are moot and not subject to review after the defendant was found guilty. *See Anders* brief at 6 (citing *Commonwealth v. Lee*, 662 A.2d 645 (Pa. 1995)).

However, counsel has failed to appreciate that the issue leveled in her brief actually includes two discrete claims. While we agree with counsel that Appellant's position relative to whether a *prima facie* case existed does not entitle him to relief where the Commonwealth met a more significant burden of proof at trial, she has not addressed in any manner the separate position relative to the lawfulness of Appellant's arrest. Accordingly, we decline to permit counsel to withdraw and direct her to file either an *Anders* brief or a merits brief, which discusses Appellant's suppression claim that was leveled below and preserved for purposes of appeal. Counsel shall have forty-five days from the date of the return of the record to comply.

Petition to withdraw denied. Case remanded with instructions. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2015